ALBERT F. MASON & another *vs.* HARVEY A. AMBLER & trustees.

The wages of labor performed for a firm under a special contract, assented to by all the parties, that the same should be applied towards the rent of a house occupied by the laborer and owned by one of the firm, cannot be held by an attachment upon a trustee process.

TRUSTEE PROCESS. The trustees were charged, in the superior court, upon facts which are stated in the opinion; and they appealed to this court.

*M. Davis*, for the trustees.

*J. W. Bacon*, for the plaintiff.

DEWEY, J. The labor and services performed by H. A. Ambler for the supposed trustees were performed under a special contract as to the manner of payment therefor. Whatever was thus earned was to be allowed and paid to said Ambler by applying the same to the payment of the rent of the house he occupied as a tenant of Edward Walcott, one of the firm of Walcott, Forbush & Childs, the persons summoned as trustees. This contract was ratified and adopted by the firm. It was a legal contract, binding upon the party performing the work, and exonerated the company from any other mode of payment than that stipulated in the contract. The fact that the house thus

rented belonged to one of the firm makes no difference, if the contract in all its parts was adopted and approved by all the partners.

It is urged on the part of the plaintiff that this contract as to payment was executory, and that the amount of the earnings of Ambler not having been in fact paid over to Walcott by the firm, this trustee process has arrested them, and so the supposed trustees are chargeable.

But this, in the opinion of the court, is not the correct view to be taken of the contract. The amount of the earnings of Ambler passed to his credit on the books of the company was so much paid in discharge of his rent. It was so, because all parties, including Walcott, had so stipulated with Ambler. Whether Walcott individually ever received this money from the company or not was immaterial to Ambler. The sum credited on the books of the company to him, as the amount of his labor, was not a sum payable to him, or subject to an attachment by his creditors. Its application, by the original agreement, of which we see no sufficient evidence of waiver, to the discharge of his house rent, had precluded either of these claims from being enforced against the company, and the result must be, therefore, that the trustees be discharged.